# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LARA HERNANDEZ,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-3903** |
| **v.** | : | |
| | : | |
| **MARKWAYNE MULLIN, Secretary,** | : | |
| **U.S. Department of Homeland** | : | |
| **Security,** *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 17th day of June 2026, upon consideration of Petitioner Martin Lara Hernandez's, ("Petitioner"), *petition for habeas corpus*, (the "Petition"), (ECF 1), and Respondents', (the "Government"),[1] answer in opposition, (ECF 5), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**[2] as follows:

---

[1]     Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: Markwayne Mullin, the Secretary of the United States Department of Homeland Security, ("DHS"); Todd Blanche, United States Attorney General; and J.L. Jamison, Warden of the Federal Detention Center, ("FDC"); as well as DHS and the Executive Office for Immigration Review, ("EOIR"). (ECF 1 at ¶¶ 21-25).

[2]     On June 7, 2026, Petitioner, a native and citizen of Mexico, who has been present in the United States for approximately sixteen years, (ECF 1 at ¶ 61), filed this petition for *habeas corpus* pursuant to 28 U.S.C. § 2241, (*see generally* ECF 1). Petitioner is the parent of two children who are United States citizens, has supported his family through gainful employment during his time in this country, and has not been accused by the Government of committing any crime other than crossing the border without authority to do so. (*See* ECF 1, 5).

On June 5, 2026, Petitioner was apprehended by officers of the United States Immigration and Customs Enforcement, ("ICE") while leaving his job site. (*Id.*). Since his arrest, Petitioner has been detained at the FDC. (*Id.* at ¶ 61). By way of the underlying Petition, Petitioner seeks immediate release from detention. (*Id.* at pp. 17-18). Petitioner argues that his detention violates the Immigration and Nationality Act, ("INA"), 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution, as well as the Fourth Amendment to the United States Constitution. (*Id.* at pp. 15-17). Petitioner argues his mandatory detention under 8 U.S.C. § 1225(b)(2), ("Section 1225(b)(2)") violates his rights because Section 1225(b)(2) does not apply to individuals like him, who have been residing in the United States for an extended period of time. Rather, individuals who have been residing in the United States for an extended period of time, like Petitioner, are subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), ("Section 1226(a)"), which requires a bond hearing before an immigration judge who must determine whether the detainee is either a flight risk or a danger to the community and, thus, must be detained pending removal proceedings. (*Id.* at p. 17).

In its response, the Government reiterates an argument the Government knows this Court and others in this District and throughout the country have addressed and rejected. Specifically, the Government argues that Petitioner's detention is pursuant to Section 1225(b)(2), the detention is lawful pursuant to the Board of Immigration Appeals', ("BIA"), decisions in *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025) *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), (ECF 5 at p. 5); and as such, its detention of Petitioner does not violate the INA or Petitioner's constitutional rights, (*id.* at pp. 5-9). The Government's position rests ultimately on its statutory interpretation of the INA, specifically its reading of the statute to allow for Petitioner's detention under Section 1225(b)(2) because a noncitizen in Petitioner's position is an "applicant for admission" who is "seeking admission" indefinitely upon arrival in the United States until a final removal or legal status determination is made. (*Id.* at p. 3). The Government's argument continues to be unpersuasive. *See, e.g., Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).

Consistent with this Court's many rulings, this Court finds that the Government's detention of Mr. Hernandez pursuant to Section 1225(b)(2) is unlawful. The Court also finds that the Government's authority to detain Petitioner lies, at best, within Section 1226(a). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA.

Petitioner also argues that he has a fundamental interest in liberty and freedom from restraint and that the Government's detention of him without a bond hearing to determine whether he is a flight risk or a danger to others violates his right to due process. (ECF 1 at p. 16). The Government argues that Petitioner's detention is aligned with its "profound" interest to detain undocumented individuals during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration, relying on a Supreme Court case analyzing substantive due process violations. (ECF 5 at pp. 9-10).

Construing Petitioner's challenge as rooted in procedural due process, the Court applies the *Mathews v. Eldridge* balancing test to determine whether Petitioner's rights have been violated. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because the interest at stake is his liberty. The second factor, the risk of erroneous deprivation of that interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not justify the current intrusion on Petitioner's rights. On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

Considering the statutory and due process violations, Petitioner seeks his immediate release from custody. (ECF 1 at p. 17). The Government posits that Petitioner's detention is lawful under the INA and is constitutional, yet provides no argument as to a remedy. (ECF 5 at pp. 5-9). A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release.

Petitioner also brings a claim that his rights pursuant to the Fourth Amendment to the United States Constitution have been violated by his detention. "The Fourth Amendment protects '[t]he right of the people to be secure in their persons[ ] . . . against unreasonable searches and seizures[.]'" *DeLade v. Cargan*, 972 F.3d 207, 210 (3d Cir. 2020) (quoting U.S. Const. amend. IV). In interpreting this

2

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be *immediately* released;

3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property that may have been seized from him at the time of his arrest on June 5, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on June 18, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Constitutional provision, "[t]he Supreme Court has repeatedly said that 'the general rule [is] that Fourth Amendment seizures are reasonable only if based on probable cause to believe that the individual has committed a crime.'" *Id.* (quoting *Bailey v. United States*, 568 U.S. 186, 192 (2013)). "The Supreme Court has also long held that a claim alleging unlawful pretrial detention falls under the umbrella of the Fourth Amendment's protections against unreasonable searches and seizures." *Id.* Because this Court finds Petitioner must be released pursuant to the Government's violation of the INA and his due process rights, it need not address Petitioner's Fourth Amendment challenge.